Dear Mr. Whittington:
You have asked this office for an opinion in response to the following dual officeholding issue:
 May you hold the position of Chief of Police of the Village of Atlanta while, at the same time, holding employment as deputy warden with the East Carroll Parish Prison?
LSA-R.S. 42:63(D), in pertinent part, states:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office.
The phrase "elective office" is defined as, "any position which is established or authorized by the constitution or laws of this state or by the charter or ordinance of any political subdivision thereof . . . which is filled by vote of the citizens of this state or of a political subdivision thereof." LSA-R.S. 42:62(1).
The elected position of Chief of Police for Atlanta is within this definition.
The phrase "appointive office" is defined as meaning, "any office in any branch of government . . . which is specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public office . . . of a political subdivision. . .". LSA-R.S. 42:62(2).
The position of deputy warden for the East Carroll Parish Prison, as I understand it, is neither established nor authorized by the constitution or laws of Louisiana, or by the charter or ordinances of any political subdivision. It is also our assumption that the position of deputy warden is not commissioned by the Sheriff of East Carroll Parish. Instead, it is a position of employment filled by the Prison Board of the East Carroll Parish Police Jury pursuant to recommendation by the Warden of the prison. The term "employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or a political subdivision thereof. LSA-R.S. 42:62(3). Therefore, at issue would appear to be an elective office in a political subdivision of this state and full-time employment in a political subdivision of this state. However, these types of positions are prohibited only if they are "in the same political subdivision." LSA-R.S. 42:63(D).
The Village of Atlanta and East Carroll Parish are separate political subdivisions of the state. Consequently, LSA-R.S.42:63(D) does not prohibit the simultaneous holding of the positions at issue. Additionally, the incompatibility provisions of LSA-R.S. 42:64 do not appear to proscribe these positions. Therefore, it is the opinion of this office that the elected chief of police for the Village of Atlanta may simultaneously be employed as a full-time deputy warden with the East Carroll Parish Prison provided that the hours served in each position do not overlap or otherwise conflict with each other.
I trust this response answers your request. Should you need any further information, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb
Date Received: Date Released:
CARLOS M. FINALET, III Assistant Attorney General